UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPAGNIE SAHÉLIENNE D'ENTREPRISE,<br><br>   Rocade Fann Bel-Air BP 609<br>   Dakar<br>   Senegal<br>                 *Petitioner*,<br><br>  v.<br><br>REPUBLIC OF GUINEA,<br><br>   Ministry of Foreign Affairs and of<br>   Guineans Abroad<br>   Kaloum<br>   Port autonome de Conakry<br>   Rue KA 005<br>   Conakry<br>   Republic of Guinea<br><br>                 *Respondent*. | Civil Action No. 20-1536 |

**PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRAL AWARD**

Petitioner Compagnie Sahélienne d'Entreprise ("CSE"), by and through its undersigned attorneys, Mayer Brown LLP, hereby petitions this Court for an order and judgment recognizing and enforcing an arbitration award against the Republic of Guinea ("Guinea"). The Petition is supported by an accompanying memorandum of law, dated June 11, 2020 and Declaration of B. Ted Howes, dated June 10, 2020, with exhibits. In support of this Petition, CSE respectfully states as follows:

**NATURE OF ACTION**

1.    CSE brings this proceeding under 9 U.S.C. § 207 and Article III of the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10,

1958 (the "New York Convention") to recognize and enforce a final, binding arbitration award issued on August 7, 2018 (the "Final Award") by an arbitral tribunal (the "Tribunal") duly constituted under the International Court of Arbitration of the International Chamber of Commerce ("ICC") in ICC Case No. 22056/DDA, captioned *The Company: Compagnie Sahelienne d'Entreprise (Senegal) v. The Republic of Guinea* against Respondent Guinea (the "Arbitration").  Declaration of B. Ted Howes in Support of Petition to Recognize and Enforce Foreign Arbitral Award ("Howes Decl.") at ¶ 4; Ex. A.  The Arbitration was seated and the Final Award was rendered in Paris, France.

2. CSE respectfully requests an order: (i) recognizing and enforcing the Final Award; (ii) entering judgment in CSE's favor against Guinea in the amount of the Final Award with interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding CSE such other relief as the Court deems just and proper.

## PARTIES

3. Petitioner CSE is a corporation organized under the laws of Senegal, which has its registered office at the Rocade Fann Bel Air in Dakar, Senegal.

4. Respondent Guinea is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA").  *See* 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

5. Petitioner brings this summary proceeding under the Federal Arbitration Act at 9 U.S.C. §§ 201 *et seq*. and Article III of the New York Convention to recognize and enforce the Final Award.

6. Both Senegal, the country of Petitioner's incorporation, and Guinea are signatories to the New York Convention.  Petitioner's rights to enforce the Final Award arise under the New York Convention.

7. The court has original subject matter jurisdiction over CSE's Petition pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction over a proceeding governed by the New York Convention.

8. This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that the district courts shall have original jurisdiction of any nonjury civil action against a foreign state (as defined in 28 U.S.C. § 1603(a)) with respect to which the foreign state is not entitled to immunity under either 28 U.S.C. §§ 1605-1607 or any applicable international agreement.

9. Guinea is not immune from the jurisdiction of this Court because the FSIA denies immunity to a foreign state in an action to enforce and international commercial arbitration award. Specifically, 28 U.S.C. § 1605(a)(6) provides that a foreign state shall not be immune from any case "either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards."

10. Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

11. This Court has personal jurisdiction over Guinea pursuant to 28 U.S.C. § 1330(b), which provides for personal jurisdiction upon service under 28 U.S.C. § 1608.

## FACTUAL BACKGROUND

12. On June 25, 2003, Petitioner CSE—as contractor—and Guinea—as the project owner—entered into two public works procurement contracts for the completion of two projects to upgrade various sections of roads in Guinea between the town of Tombo and Gbessia Airport. Specifically, the parties entered into (i) "Upgrading of the 2x2 Roads between Tombo and Gbessia Airport (Conakry), Lot 4: Kenien Section - T1, Procurement Contract for Construction Work No. 2003/0325/1/2/1/2/N," dated June 25, 2003 (the "Procurement Contract for Lot 4") and (ii) "Upgrading of the 2x2 Roads between Tombo and Gbessia Airport (Conakry), Lot 5: Section T1-T2 including the two interchanges at the intersections of the T1 and the T2, Procurement Contract for Construction Work No. 2003/0324/1/2/1/2/N," dated June 25, 2003 (the "Procurement Contract for Lot 5," and together with the Procurement Contract for Lot 4, the "Procurement Contracts").  Howes Decl. at ¶ 5; Exs. B, C.

13. The Procurement Contracts are governed by certain "General Administrative Terms and Conditions" and certain "Special Administrative Terms and Conditions," each of which contains a clause regarding the settlement of disputes.  Howes Decl. at ¶ 6; Exs. D, E.

14. Article 50 of the [General] Administrative Terms and Conditions for both Procurement Contracts states:

> **50. Settlement of Disputes**
>
> **50.1 Intervention of the Project Owner**
>
> If a dispute arises between the Project Owner and the Contractor, in the form of reservations noted with respect to a service order or in any other form, the Contractor shall submit to the Project Owner, for transmission to the Project Owner through the Project Head, a memorandum setting forth the grounds and indicating the amounts of its claims.
>
> In the absence of a satisfactory response received within a time limit of fifteen (15) days from the date of recipient, by the Project Owner, of the letter or of the memorandum from the Contractor, the Contractor shall have fifteen (15) days to

submit to the Mediator the dispute related to its claim or the response that is made to it by the Project Owner.

Howes Decl. at ¶ 7; Exs. D and E at ¶ 50.1.

15.     The Special Administrative Terms and Conditions state in Article 29:

**Article 29. Settlement of Disputes (General Administrative Terms and Conditions, Article 50)**

50.31 All disputes arising out of this Procurement Contract shall be settled definitively in accordance with the Arbitration and Mediation Rules of the International Chamber of Commerce in Paris, France, by one or more arbitrators designated in compliance with said Rules.

Howes Decl. at ¶ 8; Exs. D and E at ¶ 29.

16.     Therefore, disputes under the Procurement Contracts were subject to binding arbitration in accordance with the Arbitration Rules of the International Chamber of Commerce.

17.     The Arbitration Tribunal found that CSE performed its contractual obligations in full and delivered to Guinea all of the construction works stipulated in the Procurement Contracts.  Guinea attested to this performance through two certificates of final acceptance prepared without reservations, dated June 24, 2009.  Howes Decl. at ¶ 10, Ex. A at ¶¶ 198, 209-10.

18.     As stated in the Final Award, from 2011 to 2015, CSE thereafter made multiple requests for payment to the various Guinean Ministries involved, namely, the Minister of Public Works and the Minister of Finance; however, Guinea failed to make payment to CSE pursuant to the Procurement Contracts.  Howes Decl. at ¶ 11, Ex. A at ¶ 201.

19.     On June 20, 2016, CSE submitted a Request for Arbitration to the ICC, duly commencing the Arbitration.  Howes Decl. at ¶ 12, Ex. A at ¶ 123.  On November 3, 2016, the ICC noted that the Request for Arbitration was received by the Respondent on August 16, 2016.  Howes Decl. at ¶ 12, Ex. A. at ¶ 30.

20. The Arbitration Tribunal was appointed by the ICC on April 21, 2017. Howes Decl. at ¶ 13, Ex. A at ¶ 37. On May 25, 2017, the Arbitration Tribunal served the entire Arbitration case file on Guinea. Howes Decl. at ¶ 13, Ex. A at ¶ 41.

21. As stated in the Final Award, Respondent Guinea did not participate in the Arbitration proceedings despite the fact that notice of the arbitration, all communications, and notice of all preliminary and final hearings was sent to, and received by Respondent, at three addresses: (i) the Judicial Agent of the Government located in Conakry, Guinea, (ii) the Guinean Embassy in Paris, France, and (iii) for communications after November 6, 2017, the Republic of Guinea's Minister of Public Works. Howes Decl. ¶ 14, Ex. A at ¶¶ 6-9, Appendices 1-36. The appendix to the Final Award contains the DHL proofs of delivery for correspondence throughout the arbitration.

22. The final evidentiary hearing in the Arbitration took place on February 19-20, 2018. During this hearing, the Arbitration Tribunal duly assessed CSE's oral pleadings and heard from CSE's witness. Howes Decl. at ¶ 15, Ex. A at ¶¶ 113-22.

23. On August 7, 2018, the duly constituted Arbitration Tribunal issued the Final Award in the Arbitration. Howes Decl. at ¶ 16, Ex. A.

24. The Arbitration Tribunal explicitly found that (i) "[t]here is no doubt that the Respondent was informed of this arbitration from the outset," (ii) "Respondent was duly and validly served with the Claimant's Request for Arbitration in compliance with the terms of Article 4 of the ICC Rules," (iii) "[a]ll the notifications were validly served upon Respondent in compliance with Article 3(2) of the ICC Rules," and (iv) "all the measures reasonably necessary to notify the Respondent of this arbitration have been taken; that there have been no obstacles to the Respondent's participation in this arbitration; and that the Respondent's absence at this

arbitration has been a deliberate choice on its part and not the result of a lack of notification."
Howes Decl. at ¶ 17, Ex. A at ¶¶ 8-9.

25. As the Final Award makes clear, the Arbitration Tribunal put Claimant to the burden of proving its claims against Respondent notwithstanding Respondent's absence from the proceedings:

> The Arbitral Tribunal also notes that in the absence of representation on behalf of the Respondent, it has ensured that the rights of the defense and the principle of equal treatment of the Parties are protected, by ensuring that the Respondent had been served with confirmation of delivery receipts all the statements, requests, correspondence, and exhibits submitted for the case file. The Arbitral Tribunal also asked the Claimant questions and asked it to produce all the documents that it deemed necessary in order to ensure equal treatment of the Parties and respect for the rights of the defense in the absence of participation of one of said Parties.
>
> The Arbitral Tribunal has also meticulously analyzed, examined, and assessed the Claimant's statements as well as the documents submitted within the framework of these proceedings in light of the applicable legal rules, in order to determine whether the Claimant was entitled to the reparation that it is requesting or not.

Howes Decl. at ¶ 18; Ex. A at ¶¶ 159-160.

26. The Final Award dismissed some of Claimant's claims and granted others. With respect to the claims granted by the Arbitration Tribunal, the Final Awards ordered that Guinea must pay CSE as follows:  (i) EUR 3,470,475.73 with respect to Procurement Contract for Lot 4; (ii) EUR 3,897,891.12 with respect to Procurement Contract for Lot 5; (iii) interest at a rate of 2.75% per year accruing on December 10, 2012 until the date of final payment; and (iv) USD 541,450 as expenses for the arbitration.  Howes Decl. at ¶ 19; Ex. A at ¶ 342.

27. Respondent Guinea has not paid Petitioner CSE any portion of the Final Award and has not expressed any intention to do so.  Howes Decl. at ¶ 20.

## CAUSE OF ACTION AND REQUEST FOR RELIEF

28. The Tribunal concluded in the Final Award that a valid agreement to arbitrate existed between the parties.

29. The Final Award was made in France, a country that is a signatory to the New York Convention, and which is a State other than the State where recognition and enforcement is sought hereby.

30. Senegal, Guinea, and the United States are each also signatories to the New York Convention, which states that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award, where certified copies of both the agreement to arbitrate and the arbitral award are presented to the court, so long as the petition is timely and none of the exceptions for non-recognition are present.

31. This Petition is timely pursuant to 9 U.S.C. § 207 because it is brought within three years of the date of the Final Award.

32. Respondent cannot in good faith raise any of the reasons for non-recognition under the New York Convention with respect to the Final Award

33. The Final Award is required to be enforced pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, CSE requests that the Court enter an order:

(a) recognizing and enforcing the Final Award against Guinea;

(b) entering judgment in favor of CSE and against Guinea in the amount of the Final Award with the interest and costs as provided therein, plus the costs of this proceeding;

(c) awarding CSE such other and further relief as the Court deems just and proper.

Dated: June 11, 2020                                            Respectfully Submitted,


                                                                By: /s/ Reginald R. Goeke

                                                                Reginald R. Goeke (DC Bar No. 435613)
                                                                MAYER BROWN LLP
                                                                1999 K Street NW
                                                                Washington, DC 20006
                                                                T: (202) 263-3000
                                                                F: (202) 263-3300
                                                                rgoeke@mayerbrown.com

                                                                B. Ted Howes (*pro hac vice pending*)
                                                                Hannah C. Banks (*pro hac vice pending*)
                                                                MAYER BROWN LLP
                                                                1221 AVENUE OF THE AMERICAS
                                                                NEW YORK, NY 10020
                                                                T: (212) 506-2500
                                                                bhowes@mayerbrown.com
                                                                hbanks@mayerbrown.com

                                                                *Attorneys for Compagnie Sahélienne
                                                                d'Entreprise*