**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COMPAGNIE SAHÉLIENNE
D'ENTREPRISE,

               *Petitioner*,

    v.

REPUBLIC OF GUINEA,

               *Respondent*.

Civil Action No. <u>20-1536</u>

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
OF PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRAL AWARD**

MAYER BROWN LLP

1999 K Street NW
Washington, DC 20006

1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Petitioner Compagnie
Sahélienne d'Entreprise*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND................................................................................................... 2

ARGUMENT .......................................................................................................................... 6

I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT ................................ 6

     A.      This Court Has Subject Matter Jurisdiction........................................................ 6

     B.      This Court Has Personal Jurisdiction.................................................................. 8

     C.      Venue is Proper.................................................................................................. 9

II.      THE NEW YORK CONVENTION REQUIRES CONFIRMATION OF THE
FINAL AWARD.......................................................................................................... 9

     A.      9 U.S.C. § 207 Requires Confirmation of the Final Award................................ 9

     B.      There Is No Basis to Refuse Recognition and Enforcement of the Final
Award.............................................................................................................. 11

CONCLUSION...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Africard Co. v. Republic of Niger*,
  210 F. Supp. 3d 119 (D.D.C. 2016)................................................................7, 8

*Argentine Republic v. National Grid PLC*,
  637 F.3d 365 (D.C. Cir. 2011)....................................................................9

*Balkan Energy Ltd. v. Republic of Ghana*,
  302 F. Supp. 3d 144 (D.D.C. 2018)............................................................6, 8

*BCB Holdings Ltd. v. Gov't of Belize*,
  110 F. Supp. 3d 233 (D.D.C. 2015)............................................................9

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  668 F.3d 724 (D.C. Cir. 2012).............................................................8, 9, 12

*Creighton Ltd. v. Gov't of the State of Qatar*,
  181 F.3d 118 (D.C. Cir. 1999)....................................................................6

*Customs & Tax Consultancy LLC v. Democratic Republic of the Congo*,
  2019 WL 4602143 (D.D.C. Sept. 23, 2019)...............................................7

*Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*,
  763 F. Supp. 2d 12 (D.D.C. 2011).........................................................9, 10

*Mediso Med. Equip. Developing Servs., Ltd v. Bioscan, Inc.*,
  75 F. Supp. 3d 359 (D.D.C. 2014)............................................................9

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985)...........................................................................9, 12

*Practical Concepts, Inc. v. Republic of Bolivia*,
  811 F.2d 1543 (D.C. Cir. 1987)...............................................................7, 8

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974)................................................................................9

*TermoRio S.A. E.S.P. v. Electranta S.P.*,
  487 F.3d 928 (D.C. Cir. 2007)..................................................................8

*TMR Energy Ltd. v. State Prop. Fund of Ukraine*,
  411 F.3d 296 (D.C. Cir. 2005).............................................................6, 7, 9

**Statutes**

9 U.S.C. § 202 ....................................................................................................7

9 U.S.C. § 203 .................................................................................................5, 6

9 U.S.C. § 207 ........................................................................................... *passim*

28 U.S.C. § 1330 .....................................................................................5, 6, 7, 8

28 U.S.C. § 1391 .............................................................................................5, 8

28 U.S.C. § 1603 ...............................................................................................6

28 U.S.C. § 1605 ........................................................................................6, 7, 8

28 U.S.C. § 1608 ...........................................................................................7, 8

United Nations Convention for the Recognition and Enforcement of Foreign
    Arbitral Awards, June 10, 1958 ...................................................... *passim*

Petitioner Compagnie Sahélienne d'Entreprise ("CSE") submits this memorandum of law in support of its Petition to Recognize and Enforce Foreign Arbitral Award under 9 U.S.C. § 207 of the Federal Arbitration Act and Article III of the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958 (the "New York Convention") and for entry of judgment thereon.

## PRELIMINARY STATEMENT

On June 25, 2003, CSE contracted with Respondent Republic of Guinea ("Guinea") to upgrade two sections of the road between the town of Tombo and Gbessia Airport.  CSE provided the contracted-for services, which Guinea certified for final acceptance in 2009, but Guinea refused to pay.  Pursuant to the dispute resolution clauses in the governing agreements, CSE initiated an arbitration against Guinea under the Arbitration Rules of the International Chamber of Commerce Court of Arbitration ("ICC"), captioned *Compagnie Sahelienne d'Entreprise (Senegal) v. The Republic of Guinea*, ICC Case No. 22056/DDA (the "Arbitration").

On August 7, 2018, an arbitral tribunal (the "Tribunal") duly constituted by the ICC issued a final award (the "Final Award") in the Arbitration.  Declaration of B. Ted Howes in Support of Petition to Recognize and Enforce Foreign Arbitral Award ("Howes Decl.") at ¶ 4; Ex. A.

Despite the fact that Guinea was served with notice of the Arbitration, notice of the final hearing, and all correspondence and filings in the Arbitration, Guinea refused to participate in the Arbitration.  Indeed, the Tribunal found that Guinea's decision not to participate in the Arbitration was a "deliberate choice."  Nevertheless, the Tribunal examined and scrutinized CSE's evidence, dismissed several of CSE's claims, and, on CSE's claims that were granted, ordered Guinea to pay CSE over 7.3 million Euros plus interest.

Just as Guinea refused to participate in the Arbitration, Guinea has also refused to pay the amounts due to CSE under the Final Award.  CSE therefore now seeks to recognize and enforce the Final Award as provided for by the New York Convention and the Federal Arbitration Act.

## FACTUAL BACKGROUND

Petitioner CSE is a corporation organized under the laws of Senegal.  CSE specializes in civil engineering, road construction, and sanitation in Senegal and other parts of Africa.

On June 25, 2003, Petitioner CSE—as contractor—and Guinea—as the project owner— entered into two public works procurement contracts for the completion of two projects to upgrade various sections of roads in Guinea between the town of Tombo and Gbessia Airport. Specifically, the parties entered into (i) "Upgrading of the 2x2 Roads between Tombo and Gbessia Airport (Conakry), Lot 4: Kenien Section - T1, Procurement Contract for Construction Work No. 2003/0325/1/2/1/2/N," dated June 25, 2003 (the "Procurement Contract for Lot 4") and (ii) "Upgrading of the 2x2 Roads between Tombo and Gbessia Airport (Conakry), Lot 5: Section T1-T2 including the two interchanges at the intersections of the T1 and the T2, Procurement Contract for Construction Work No. 2003/0324/1/2/1/2/N," dated June 25, 2003 (the "Procurement Contract for Lot 5," and together with the Procurement Contract for Lot 4, the "Procurement Contracts").  Howes Decl. at ¶ 5; Exs. B, C.

The Procurement Contracts are governed by certain "General Administrative Terms and Conditions" and certain "Special Administrative Terms and Conditions," each of which contains a clause regarding the settlement of disputes.  Howes Decl. at ¶ 6; Exs. D, E.

Article 50 of the General Administrative Terms and Conditions for both Procurement Contracts states:

**50. Settlement of Disputes**

**50.1 Intervention of the Project Owner**

If a dispute arises between the Project Owner and the Contractor, in the form of reservations noted with respect to a service order or in any other form, the Contractor shall submit to the Project Owner, for transmission to the Project Owner through the Project Head, a memorandum setting forth the grounds and indicating the amounts of its claims.

In the absence of a satisfactory response received within a time limit of fifteen (15) days from the date of recipient, by the Project Owner, of the letter or of the memorandum from the Contractor, the Contractor shall have fifteen (15) days to submit to the Mediator the dispute related to its claim or the response that is made to it by the Project Owner.

Howes Decl. at ¶ 7; Exs. D and E at ¶ 50.1.

The Special Administrative Terms and Conditions states in Article 29:

**Article 29. Settlement of Disputes (General Administrative Terms and Conditions, Article 50)**

50.31 All disputes arising out of this Procurement Contract shall be settled definitively in accordance with the Arbitration and Mediation Rules of the International Chamber of Commerce in Paris, France, by one or more arbitrators designated in compliance with said Rules.

Howes Decl. at ¶ 8; Exs. D and E at ¶ 29.

Therefore, disputes under the Procurement Contracts were subject to binding arbitration in accordance with the Arbitration Rules of the ICC.

The Arbitration Tribunal found that CSE performed its contractual obligations in full and delivered to Guinea all of the construction works stipulated in the Procurement Contracts. Guinea attested to this performance through two certificates of final acceptance prepared without reservations, dated June 24, 2009.  Howes Decl. at ¶ 10, Ex. A at ¶¶ 198, 209-10.

As stated in the Final Award, from 2011 to 2015, CSE thereafter made multiple requests for payment to the various Guinean Ministries involved, namely, the Minister of Public Works

3

and the Minister of Finance; however, Guinea failed to make payment to CSE pursuant to the Procurement Contracts.  Howes Decl. at ¶ 11, Ex. A at ¶ 201.

On June 20, 2016, CSE submitted a Request for Arbitration to the ICC, duly commencing the Arbitration.  Howes Decl. at ¶ 12, Ex. A at ¶ 123.  On November 3, 2016, the ICC noted that the Request for Arbitration was received by the Respondent on August 16, 2016.  Howes Decl. at ¶ 12, Ex. A. at ¶ 30.

The Arbitration Tribunal was appointed by the ICC on April 21, 2017.  Howes Decl. at ¶ 13, Ex. A at ¶ 37.  On May 25, 2017, the Arbitration Tribunal served the entire Arbitration case file on Guinea.  Howes Decl. at ¶ 13, Ex. A at ¶ 41.

As stated in the Final Award, Respondent Guinea did not participate in the Arbitration proceedings despite the fact that notice of the Arbitration, all communications, and notice of all preliminary and final hearings was sent to, and received by Respondent, at three addresses:  (i) the Judicial Agent of the Government located in Conakry, Guinea, (ii) the Guinean Embassy in Paris, France, and (iii) for communications after November 6, 2017, the Republic of Guinea's Minister of Public Works.  Howes Decl. ¶ 14, Ex. A at ¶¶ 6-9, Appendices 1-36.  The appendix to the Final Award contains the DHL proofs of delivery for correspondence throughout the Arbitration.

The final evidentiary hearing in the Arbitration took place in Paris, France on February 19-20, 2018.  During this hearing, the Arbitration Tribunal duly assessed CSE's oral pleadings and heard from CSE's witness.  Howes Decl. at ¶ 15, Ex. A at ¶¶ 113-22.

On August 7, 2018, the duly constituted Tribunal issued the Final Award in the Arbitration.  Howes Decl. at ¶ 16, Ex. A.

The Arbitration Tribunal explicitly found that (i) "[t]here is no doubt that the Respondent was informed of this arbitration from the outset," (ii) "Respondent was duly and validly served with the Claimant's Request for Arbitration in compliance with the terms of Article 4 of the ICC Rules," (iii) "[a]ll the notifications were validly served upon Respondent in compliance with Article 3(2) of the ICC Rules," and (iv) "all the measures reasonably necessary to notify the Respondent of this arbitration have been taken; that there have been no obstacles to the Respondent's participation in this arbitration; and that the Respondent's absence at this arbitration has been a deliberate choice on its part and not the result of a lack of notification." Howes Decl. at ¶ 17, Ex. A at ¶¶ 8-9.

As the Final Award makes clear, the Arbitration Tribunal put Claimant to the burden of proving its claims against Respondent notwithstanding Respondent's absence from the proceedings:

> The Arbitral Tribunal also notes that in the absence of representation on behalf of the Respondent, it has ensured that the rights of the defense and the principle of equal treatment of the Parties are protected, by ensuring that the Respondent had been served with confirmation of delivery receipts all the statements, requests, correspondence, and exhibits submitted for the case file.  The Arbitral Tribunal also asked the Claimant questions and asked it to produce all the documents that it deemed necessary in order to ensure equal treatment of the Parties and respect for the rights of the defense in the absence of participation of one of said Parties.

> The Arbitral Tribunal has also meticulously analyzed, examined, and assessed the Claimant's statements as well as the documents submitted within the framework of these proceedings in light of the applicable legal rules, in order to determine whether the Claimant was entitled to the reparation that it is requesting or not.

Howes Decl. at ¶ 18; Ex. A at ¶¶ 159-160.

The Final Award dismissed some of Claimant's claims and granted others.  With respect to the claims granted by the Tribunal, the Final Awards ordered that Guinea must pay CSE as follows:  (i) EUR 3,470,475.73 with respect to Procurement Contract for Lot 4; (ii) EUR 3,897,891.12 with respect to Procurement Contract for Lot 5; (iii) interest at a rate of 2.75% per

year accruing on December 10, 2012 until the date of final payment; and (iv) USD 541,450 as expenses for the arbitration.  Howes Decl. at ¶ 19; Ex. A at ¶ 342.

Respondent Guinea has not paid Petitioner CSE any portion of the Final Award and has not expressed any intention to do so.  Howes Decl. at ¶ 20.

## ARGUMENT

The Court is required to recognize and enforce the Final Award because (i) this Court is vested with proper jurisdiction and venue over the dispute and (ii) 9 U.S.C. § 207 and Article III of the New York Convention require confirmation of the Final Award.

## I.   JURISDICTION AND VENUE ARE PROPER IN THIS COURT

As set forth below, this Court has:  (i) subject matter jurisdiction as to this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1330(a); (ii) personal jurisdiction over Guinea pursuant to 28 U.S.C. § 1330(b); and (iii) venue over the dispute pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1391(f)(4).

### A.   This Court Has Subject Matter Jurisdiction

This Court is vested with subject matter jurisdiction to confirm a foreign arbitration award against Guinea under two independent statutes.

*First*, 9 U.S.C. § 203 provides that "[t]he district courts of the United States . . . shall have original jurisdiction over [an action falling under the New York Convention] regardless of the amount in controversy."  9 U.S.C. § 203.

*Second*, and additionally, 28 U.S.C. § 1330(a) provides:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a).  Guinea is a foreign state within the meaning of 28 U.S.C. § 1603(a) of the Foreign Sovereign Immunities Act of 1976 (the "FSIA") and, for the reasons discussed below, is not entitled to immunity under either 28 U.S.C. §§ 1605-1607 or any applicable international agreement.

Pursuant to 28 U.S.C. § 1605(a)(6), a foreign state is not entitled to immunity where an action is brought "to confirm an award made pursuant to . . . an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards."  28 U.S.C. § 1605(a)(6).  It is well settled that the New York Convention is a treaty within the meaning of § 1605(a)(6).  *See, e.g.*, *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 299 (D.C. Cir. 2005) (finding that respondent was not immune because the action was to confirm an arbitration award under the New York Convention); *Creighton Ltd. v. Gov't of the State of Qatar*, 181 F.3d 118, 123-24 (D.C. Cir. 1999) ("The New York Convention is exactly the sort of treaty Congress intended to include in the arbitration exception."); *Balkan Energy Ltd. v. Republic of Ghana*, 302 F. Supp. 3d 144, 151 (D.D.C. 2018), appeal dismissed, No. 18-7061, 2018 WL 5115572 (D.C. Cir. Oct. 12, 2018) ("This arbitration exception 'by its terms' applies to actions to confirm arbitration awards under the New York Convention.").

An arbitration award falls under the New York Convention when:  "(1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope."  *Customs & Tax Consultancy LLC v. Democratic Republic of the Congo*, 2019 WL 4602143, at *3 (D.D.C. Sept. 23, 2019) (citing *Africard Co. v. Republic of Niger*, 210 F. Supp. 3d 119, 123 (D.D.C. 2016)).  *See also* 9 U.S.C. § 202.

7

Here, the Final Award meets all of the criteria of a New York Convention award:  (i) the Procurement Contracts are agreements in writing; (ii) the Procurement Contracts provide for the arbitration of all disputes thereunder in Paris, France, a signatory to the New York Convention; (iii) the Procurement Contracts reflect a "commercial" legal relationship, namely, the upgrading of various sections of roads in Guinea by a commercial contractor; and (iv) the subject matter of the Final Award is not entirely domestic in scope as it concerns a dispute between two parties who are not American citizens over a contract performed outside the United States.  Because the Final Award is governed by the New York Convention, Guinea is therefore not entitled to immunity under Section 1605(a)(6) of the FSIA.

## B.     <u>This Court Has Personal Jurisdiction</u>

28 U.S.C. § 1330(b) provides personal jurisdiction over a foreign state where (i) the district court has jurisdiction under 28 U.S.C. § 1330(a) and (ii) service has been made pursuant to 28 U.S.C. § 1608.  *See TMR Energy*, 411 F.3d at 299 (citing *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1549 n.11 (D.C. Cir. 1987) ("subject matter jurisdiction plus service of process equals personal jurisdiction")); *see also Africard Co. v. Republic of Niger*, 210 F. Supp. 3d 119, 123 (D.D.C. 2016) (citing *Practical Concepts, Inc.*, 811 F.2d at 1549 n.11). Both requirements are met here.

*First*, for the reasons set forth in Section I(A) above, this Court has subject matter jurisdiction under 28 U.S.C. § 1330(a) and Guinea does not have immunity from such jurisdiction under 28 U.S.C. § 1605(a).

*Second*, service on Guinea is being made in accordance with 28 U.S.C. § 1608.

C.     **Venue is Proper**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(4), which provides that a

civil action against a foreign state may be brought in the United States District Court for the

District of Columbia.

II.     **THE NEW YORK CONVENTION REQUIRES CONFIRMATION OF THE FINAL AWARD**

9 U.S.C. § 207 requires confirmation of the Final Award pursuant to the New York

Convention absent proof by Guinea that one of the narrow exceptions under Article V of the

New York Convention applies.  Guinea cannot offer such proof because none of these narrow

exceptions applies.

A.     **9 U.S.C. § 207 Requires Confirmation of the Final Award**

9 U.S.C. § 207 provides that "[t]he court ***shall*** confirm the award unless it finds one of

the grounds for refusal or deferral of recognition or enforcement of the award specified in the

[New York] Convention."  9 U.S.C. § 207 (emphasis added); *see also TermoRio S.A. E.S.P. v.*

*Electranta S.P.*, 487 F.3d 928, 935 (D.C. Cir. 2007); *Balkan Energy*, 302 F. Supp. 3d at 157

("the New York Convention . . . sets forth the only grounds available for setting aside an arbitral

award"); *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012).  As the

United States is a signatory to the New York Convention, this Court is therefore required by

treaty to recognize and enforce arbitral awards rendered in other signatory countries, subject to a

few limited exceptions.  *See* New York Convention, Art. V.  "Consistent with the emphatic

federal policy in favor of arbitral dispute resolution recognized by the Supreme Court as

applying with special force in the field of international commerce, the FAA affords the district

court little discretion in refusing or deferring enforcement of foreign arbitral awards[.]"  *Belize*

*Soc. Dev. Ltd.*, 668 F.3d at 727 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)) (citations and internal quotations omitted).

The U.S. Supreme Court has recognized that the United States, in becoming a party to the New York Convention, adopted a pro-enforcement policy toward New York Convention arbitral awards, and that those awards have a presumption of validity and enforcement.  *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).  Indeed, the party *challenging confirmation* has the burden of proving that there is a legitimate reason for non-recognition.  *TMR Energy*, 411 F.3d at 304 (the New York Convention "enumerates the few reasons for which a court may refuse to enforce an arbitration award and assigns the burden of persuasion to the party opposing enforcement"); *see also Mediso Med. Equip. Developing Servs. v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 363-64 (D.D.C. 2014); *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 19-20 (D.D.C. 2011).

Moreover, the review of an arbitration award under the New York Convention is a "summary proceeding" that strongly favors enforcement. *See, e.g., Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 369 (D.C. Cir. 2011) ("Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the Convention"); *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 247 (D.D.C. 2015), *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016), and enforcement granted, 232 F. Supp. 3d 28 (D.D.C. 2017) ("confirmation proceedings are generally summary in nature" (citing *Int'l Trading & Indus. Inv.*, 763 F. Supp. 2d at 20).

This action is also timely pursuant to 9 U.S.C. § 207 because it is brought within three years of the date of the Final Award.  Therefore, absent proof that one of the narrow exceptions

to recognition and enforcement under the New York Convention exists, the Court must confirm

the Final Award.

> **B.**    **There Is No Basis to Refuse Recognition and Enforcement of the Final Award**

Under Article V(1) of the New York Convention, "[r]ecognition and enforcement of the

award may be refused . . . only if" one of the following exceptions to enforcement can be proved

by the party resisting enforcement:

> a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

> b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

> c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

> d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

> e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

*See* New York Convention, Art. V(1)(a)-(e).

As set out in the Final Award, and as is otherwise irrefutable, none of the enumerated

exceptions in Article V(1) apply in this case.

Recognition and enforcement of an arbitral award may also be refused under Article V(2)

of the New York Convention if the competent authority in the country where recognition and

enforcement is sought finds that: "(a) [t]he subject matter of the difference is not capable of settlement by arbitration under the law of that country; or (b) [t]he recognition or enforcement of the award would be contrary to the public policy of that country."  New York Convention, Art. V(2).  Here, there is no basis under U.S. law to contend that a simple commercial dispute – such as the one before this Court – is not capable of settlement by arbitration.  Nor is there any basis under U.S. law to contend that the enforcement of an arbitration award resolving a simple commercial dispute is contrary to U.S. public policy.  To the contrary, the Supreme Court has recognized that there is a strong federal policy in favor of arbitral dispute resolution that applies with special force in the field of international commerce.  *Belize Soc. Dev. Ltd.*, 668 F.3d at 727 (citing *Mitsubishi Motors Corp.*, 473 U.S. at 631).

The Court is therefore required by 9 U.S.C. § 207 to enforce the Final Award and to enter judgment thereon.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that the Court enter an order: (a) recognizing and enforcing the Final Award against Guinea; (b) entering judgment in favor of CSE and against Guinea in the amount of the Final Award with the interest and costs as provided therein, plus the costs of this proceeding; and (c) awarding CSE such other and further relief as the Court deems just and proper.

Dated: June 11, 2020                          Respectfully Submitted,


                                              By: /s/ Reginald R. Goeke

                                              Reginald R. Goeke (DC Bar No. 435613)
                                              MAYER BROWN LLP
                                              1999 K Street NW
                                              Washington, DC 20006
                                              T: (202) 263-3000
                                              F: (202) 263-3300
                                              rgoeke@mayerbrown.com

                                              B. Ted Howes (*pro hac vice pending*)
                                              Hannah C. Banks (*pro hac vice pending*)
                                              MAYER BROWN LLP
                                              1221 Avenue of the Americas
                                              New York, NY 10020
                                              T: (212) 506-2500
                                              bhowes@mayerbrown.com
                                              hbanks@mayerbrown.com

                                              *Attorneys for Petitioner*
                                              *Compagnie Sahélienne d'Entreprise*