UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPAGNIE SAHÉLIENNE D'ENTREPRISE, <br><br> *Petitioner*, <br><br> v. <br><br> REPUBLIC OF GUINEA, <br><br> *Respondent*. | Civil Action No. 20-cv-1536-TJK |

# DECLARATION OF B. TED HOWES

I, B. Ted Howes, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the law firm Mayer Brown LLP. I am counsel for Petitioner Compagnie Sahélienne d'Entreprise ("CSE").

2. I submit this declaration in support of Petitioner's Motion for Default Judgment.

3. I make this declaration by reference to certain exhibits appended hereto and with respect to facts personally known to me.

4. Petitioner CSE seeks to enforce the arbitral award issued by a duly-constituted arbitration tribunal (the "Arbitration Tribunal") on August 7, 2018 (the "Final Award") in ICC Case No. 22056/DDA, captioned *The Company: Compagnie Sahelienne d'Entreprise (Senegal) v. The Republic of Guinea* (the "Arbitration") against Respondent Republic of Guinea ("Guinea"). A true and correct copy of the Final Award along with a translation is attached hereto as Exhibit A.

5. On June 25, 2003, Petitioner CSE—as contractor—and Guinea—as the project owner—entered into two public works procurement contracts for the completion of two projects to upgrade various sections of roads in Guinea between the town of Tombo and Gbessia Airport (the "Procurement Contracts"). Disputes under the Procurement Contracts were subject to binding arbitration in accordance with the Arbitration Rules of the ICC. True and correct copies of the Procurement Contracts, along with translations of the relevant portions, were submitted with CSE's Petition to Recognize and Enforce Foreign Arbitral Award. *See* ECF Nos. 1-4 – 1-7.

6. Guinea failed to make payment pursuant to the Procurement Contracts and on June 20, 2016, CSE initiated an arbitration with the ICC. Ex. A at ¶ 123. The Tribunal was constituted thereafter and issued its Final Award on August 7, 2018. Ex. A at ¶ 37, p. 104.

7. In its Final Award, the Tribunal found that CSE performed its contractual obligations in full and delivered to Guinea all of the construction works stipulated in the Procurement Contracts. Guinea attested to this performance through two certificates of final acceptance prepared without reservations, dated June 24, 2009. Ex. A at ¶¶ 198, 209-10.

8. The Tribunal also found that, from 2011 to 2015, CSE thereafter made multiple requests for payment to the various Guinean Ministries involved, namely, the Minister of Public Works and the Minister of Finance; however, Guinea failed to make payment to CSE. Ex. A at ¶ 201.

9. As stated in the Final Award, Guinea did not participate in the Arbitration proceedings despite the fact that notice of the arbitration, all communications, and notice of all preliminary and final hearings was sent to, and received by Guinea, at three addresses: (i) the Judicial Agent of the Government located in Conakry, Guinea, (ii) the Guinean Embassy in

Paris, France, and (iii) for communications after November 6, 2017, the Republic of Guinea's Minister of Public Works.  Ex. A at ¶¶ 6-9, Appendices 1-36.

10. Nor did Guinea participate in the final evidentiary hearing in the Arbitration, which took place on February 19-20, 2018, during which the Tribunal duly assessed CSE's oral pleadings and heard from CSE's witness.  Ex. A at ¶¶ 113-22.

11. With respect to Guinea's total lack of participation in the Arbitration, the Tribunal found that (i) "[t]here is no doubt that the Respondent was informed of this arbitration from the outset," (ii) "Respondent was duly and validly served with the Claimant's Request for Arbitration in compliance with the terms of Article 4 of the ICC Rules," (iii) "[a]ll the notifications were validly served upon Respondent in compliance with Article 3(2) of the ICC Rules," and (iv) "all the measures reasonably necessary to notify the Respondent of this arbitration have been taken; that there have been no obstacles to the Respondent's participation in this arbitration; and that the Respondent's absence at this arbitration has been a deliberate choice on its part and not the result of a lack of notification."  Ex. A at ¶¶ 8-9.

12. As the Final Award makes clear, the Tribunal put CSE to the burden of proving its claims against Guinea notwithstanding Guinea's absence from the proceedings:

> The Arbitral Tribunal also notes that in the absence of representation on behalf of the Respondent, it has ensured that the rights of the defense and the principle of equal treatment of the Parties are protected, by ensuring that the Respondent had been served with confirmation of delivery receipts all the statements, requests, correspondence, and exhibits submitted for the case file. The Arbitral Tribunal also asked the Claimant questions and asked it to produce all the documents that it deemed necessary in order to ensure equal treatment of the Parties and respect for the rights of the defense in the absence of participation of one of said Parties.
>
> The Arbitral Tribunal has also meticulously analyzed, examined, and assessed the Claimant's statements as well as the documents submitted within the framework of these proceedings in light of the

>applicable legal rules, in order to determine whether the Claimant was entitled to the reparation that it is requesting or not.

Ex. A at ¶¶ 159-160.

13. The Final Award dismissed some of CSE's claims and granted others. With respect to the claims granted by the Tribunal, the Final Award ordered that Guinea must pay CSE as follows: (i) EUR 3,470,475.73 with respect to Procurement Contract for Lot 4; (ii) EUR 3,897,891.12 with respect to Procurement Contract for Lot 5; (iii) interest at a rate of 2.75% per year accruing on December 10, 2012 until the date of final payment; and (iv) USD 541,450 as expenses for the arbitration. Ex. A at ¶ 342.

14. On June 11, 2020 CSE commenced this action to recognize and enforce the Final Award. *See* ECF No. 1.

15. On July 13, 2020, counsel for CSE, pursuant to 28 U.S.C. Section 1608(a)(3), effected service on Guinea. *See* ECF Nos. 9, 12.

16. On July 16, 2020, counsel for CSE filed the return of service with the Clerk of Court. *See* ECF No. 12.

17. On October 26, 2020, counsel for CSE filed an Affidavit in Support of Default certifying that Guinea was served via DHL pursuant to the provisions of 28 U.S.C. Section 1608(a)(3) on July 13, 2020, and requesting that the Clerk of Court enter a default against Guinea. *See* ECF No. 13.

18. On October 27, 2020, the Clerk of the Court declared Guinea in default. *See* ECF No. 14.

19. No appearance has been entered by Guinea in this case; no pleading or other response to CSE's Petition has been filed or served on counsel for CSE; and the time for filing a response to CSE's Petition has expired.

4

20.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 17, 2020
South Salem, New York

_____
B. Ted Howes