**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMPAGNIE SAHÉLIENNE D'ENTREPRISE, <br><br> *Petitioner*, <br><br> v. <br><br> REPUBLIC OF GUINEA, <br><br> *Respondent*. | Civil Action No. 20-cv-1536-TJK |

**<u>DECLARATION OF DANY KHAYAT</u>**

I, Dany Khayat, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member of the law firm Mayer Brown and am based in Paris, France.  I am counsel for Petitioner Compagnie Sahélienne d'Entreprise ("CSE").

2.      I submit this declaration in support of Petitioner's Motion for Default Judgment.

3.      I make this declaration by reference to certain exhibits appended hereto and with respect to facts personally known to me.

4.      Petitioner CSE seeks to enforce the arbitral award issued by a duly-constituted arbitration tribunal (the "Arbitration Tribunal") on 7 August 2018 (the "Final Award") in ICC Case No. 22056/DDA, captioned *The Company: Compagnie Sahelienne d'Entreprise (Senegal) v. The Republic of Guinea* (the "Arbitration") against Respondent Republic of Guinea ("Guinea").

5.      On 17 June 2020, an article appeared on Africaguinee.com that referenced this action.  Mr. Mory Doumbouya, Guinea's *Agent Judiciaire de l'Etat* (Judicial Agent of the

State)—the official representative of the Republic of Guinea within the Ministry of Justice for all judicial proceedings, including those abroad—was quoted as saying "[t]here was no need to refer the matter to the arbitral tribunal and to take this procedure to the United States . . . It's not a refusal [to pay the bills] at all, there may have been a problem of approach in this matter." Mr. Doumbouya further stated that "there is a commission for the payment of the State's debts within the Ministry of Economy and Finance. This debt [of Guinea towards CSE] is indeed taken into account [in this commission]. [CSE] simply has to contact the competent Guinean authorities to define the terms of payment of this debt." A true and correct copy of this article as well as a translation are attached as Exhibit A.

6.      On 18 June 2020, I contacted Mr. Doumbouya by phone and he confirmed the terms of his statement as quoted in the article; specifically he told me that Guinea is ready to pay its debt to CSE and that in order to facilitate that payment, I should send him the precise amounts owed. I followed up by an SMS on the same day providing him my full contact details.

7.      On 23 June 2020, as requested, I sent Mr. Doumbouya a letter containing the details of what is owed to CSE as well as the decision page of the Final Award. A true and correct copy of this letter as well as a translation are attached as Exhibit B. The letter was received in Guinea at the Presidential Palace at or around 17 July 2020. A true and correct copy of the tracking information for this letter is attached as Exhibit C.

8.      No answer was ever received.

9.      On 28 July 2020, I was able to speak again to Mr. Doumbouya. I congratulated him as I had learned that he had been appointed Minister of Justice after our last call. He told me that he would set up a meeting by video-conference with a commission composed of certain Guinean officials and would invite me and a representative of CSE to discuss the payment. I said

that we were more than happy to attend and will be awaiting his invitation.  Since then, I have

tried to call on several occasions in July, August and September 2020 but was never able to get

through to Mr. Doumbouya ever again and he never called me back.

10.     As of the date of this declaration, Guinea has not paid CSE any amounts due

under the Final Award.

11.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


Executed on:  November 16, 2020
                      Paris, France

_____
Dany Khayat